## Boston Rubber Shoe Co. *v.* Lamkin and others.

*(Circuit Court, D. Massachusetts. October 11, 1883.)*

PATENTS FOR INVENTIONS.
    The patent of Erskine F. Bickford, No. 196,788, for rubber boot-straps, not sustained for lack of novelty.

In Equity.

*J. L. S. Roberts,* for complainant.

*John K. Beach,* for defendants.

LOWELL, J. The patent of Erskine F. Bickford, No. 196,788, dated November 6, 1877, is sued upon here. The single claim is:

"As an improved article of manufacture, a rubber boot provided with a rounded, standing loop, of substantially the same material as the boot; said loop being made in the shape of a staple, and having its ends flattened and cemented, or otherwise suitably secured, between the inner and outer layers of said boot, substantially as and for the purposes described."

The boot which is described and drawn in the specification has a standing loop which opens transversely of the leg, instead of longitudinally with it. This makes a very convenient loop, which appears to have made the boot acceptable to the public. The evidence produced by the defendant upon the state of the art shows a patent issued to F. H. Moore, January 15, 1864, No. 41,087, in which a standing loop is described, which the patentee says is intended as a substitute for the ordinary woven or webbing boot-straps in common use. It is to be constructed of metal, or any rigid, tough, or hard substance, such as heavy wire or plate metal. The loops are shown as opening transversely of the leg, and the patentee says that they may be grasped with much greater facility than the ordinary straps. This patent was reissued in February, 1864, with a claim as follows:

"A strap for boots and shoes constructed of metal, or other rigid or tough material, attached either permanently to the boot-top, or in such manner as to admit, after the boot is drawn on the foot, of being turned or shoved down within or at the outer side of the boot, substantially as described."

The first part of the claim describes the plaintiff's strap or loop, and no patent can be sustained for an old form of boot containing a standing loop of tough material, unless invention is exercised in the adaptation. But the loop of the plaintiff's boot is attached to the boot in a mode old and well known in the handles of bags and other similar articles of India rubber. There was, therefore, in my opinion, no room for invention in adapting a strap or loop of India rubber to a boot of the same material in one of the forms shown by Moore in his reissued patent. Bill dismissed, with costs.